UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDDY MONTALVO,

    Plaintiff,

    vs.

VYSTAR CREDIT UNION,

    Defendant.

Case No.
6:23-cv-2167-CEM-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Defendant's Motion for Entitlement of Attorney's Fees (Dkt. 34), Filed September 3, 2025. Plaintiff responded in opposition. Dkt. 35. Upon consideration, it is respectfully recommended that the Motion be granted.

## I.  BACKGROUND

On November 7, 2023, Plaintiff filed a Complaint against Defendant VyStar Credit Union. Dkt. 1. Plaintiff alleged claims under "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-17 and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981," but did not specify what precise claims under those statutes he was bringing. *Id.* at 1. Defendant moved to dismiss Plaintiff's

initial complaint (Dkt. 23), and the Court granted dismissal as a shotgun pleading with leave to amend on August 29, 2024. Dkt. 26.

On September 19, 2024, Plaintiff filed an Amended Complaint. Dkt. 27. The Amended Complaint contained one count of racial discrimination under Title VII. *Id.* at ¶¶ 18–24. Defendant again moved to dismiss, but requested the Court dismiss Plaintiff's claims with prejudice. Dkt. 29. In granting Defendant's motion, the Court noted that Plaintiff's Amended Complaint was still a shotgun pleading but nevertheless Plaintiff's Amended Complaint fails to state a claim for relief. Dkt. 32. The Court noted that Plaintiff did not sufficiently allege how he was subject to an adverse employment action; did not sufficiently allege disparage treatment, hostile work environment, or retaliation; that Plaintiff referenced no other employees "much less potential comparators"; and that the Complaint did not contain any other allegations creating a reasonable inference of discrimination. *Id.* at 5–6. Because Plaintiff was given leave to amend once and "still filed a wholly insufficient shotgun pleading," the Court dismissed the Amended Complaint with prejudice. *Id.* at 8.

Following the Court's dismissal with prejudice, Defendant filed the instant Motion for Entitlement to Attorney's Fees. Dkt. 34. The matter has been referred to me for the issuance of a Report and Recommendation and is ripe for review.

## II.   LEGAL STANDARD

Typically, parties bear their own attorney's fees absent explicit statutory authority "regardless [of] whether [a party] wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011) (describing the "American Rule" as "firmly entrenched" in our legal system); *see also Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003) ("the default assumption is that each party is responsible for its own legal fees, and thus, fees ordinarily will not be awarded to the prevailing party without express statutory authority"). There are various statutes in which Congress has chosen to modify the "American Rule," and to provide for the prevailing party to recover reasonable attorney's fees, including the Civil Rights Act of 1964. *Id.*

The Supreme Court has enumerated specific criteria governing the award of attorney's fees to a prevailing defendant in a Title VII case. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017) (applying the *Christiansburg* standard to the prevailing defendants in a Title VII case).[1] Under the *Christiansburg* standard, a court may award fees to a prevailing defendant only where it "find[s] that the plaintiff's action was frivolous, unreasonable, or without

---

[1] Although *Hamilton* is unpublished and therefore non-binding, the opinion provides guidance and persuasive reasoning. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

foundation, even though not brought in subjective bad faith," or where the plaintiff continued to litigate the case after "it clearly became" frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421–22.

The frivolousness determination requires a case-by-case analysis. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (citation omitted). And the court must ascertain whether the action was "so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quotation and citation omitted). The important factors in this decision are: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits; and (4) whether there was enough support for the claim to warrant close attention by the court. *See Sullivan*, 773 F.2d at 1189 (establishing the first three factors); *see also Beach Blitz Co. v. City of Miami Beach, Fl*, 13 F. 4th 1289, 1302 (11th Cir. 2021) (establishing fourth factor). In evaluating these factors, the court views the evidence in the light most favorable to the non-prevailing plaintiff. *Johnson*, 348 F.3d 1354. These factors are "general guidelines," not "hard and fast rules." *Sullivan*, 773 F.2d at 1189.

## III.  ANALYSIS

Considering the enumerated factors above, and the facts and circumstances of this case—in light most favorable to the non-prevailing Plaintiff—I find that Plaintiff's claims were frivolous after considering the circumstances and giving due regard to the greater weight of the factors.

The first and third factors weigh in favor of a frivolous finding. Plaintiff failed to establish a prima facie case, even after being given a second opportunity to do so, and the Court dismissed the claims with prejudice at the pleading stage of the case. *See* Dkt. 26 (Order dismissing Complaint for pleading deficiencies); *see also* Dkt. 32 (Order dismissing Amended Complaint with prejudice for pleading deficiencies and failure to state a claim). Thus, these factors support a finding of frivolity. *See Zalezhnev v. Wonderworld Montessori Academy Corp.*, No. 19-cv-60268, 2021 WL 6801791, at *4 (S.D. Fla. Dec. 17, 2021) (finding frivolity on first and third factors).

As to the second factor—whether Defendant offered to settle—Defendant argues that it made two offers to settle. But instead of disclosing the amount to the Court, Defendant characterizes it as "nominal." *See* Dkt. 34 at 7–8. The lack of information surrounding the amount of the settlement offers suggests this second factor should be considered neutral. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial

amount in settlement, this factor does not support either party."). But this factor could weigh against Plaintiff even in the absence of evidence of the settlement offer amounts. *See* Zalezhnev, 2021 WL 6801791, at *4 (Defendant's "low" settlement offers, without more evidence on amounts, weighed in favor of frivolity finding). Upon consideration, I find this factor weighs in favor of Defendant and supports a finding of frivolity, albeit weakly.

Finally, the fourth factor—whether there was enough support for the claim to warrant close attention—supports a finding of frivolity. The district judge presiding over this case dismissed Plaintiff's initial complaint (Dkt. 1) and amended complaint (Dkt. 27) without reservation. Plaintiff failed to respond to both motions to dismiss, suggesting that counsel could muster no argument in support of the asserted claims consistent with his ethical obligations.

In sum, based on my findings, I conclude the greater weight of the factors support a finding of frivolousness. For this reason, I respectfully recommend that Defendant's Motion be granted.

## IV.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT** Plaintiff's Motion for Entitlement to Attorney's Fees and Costs (Dkt. 34); and

2.      **DIRECT** Plaintiff to file a Supplemental Motion for Attorney's Fees and nontaxable Costs pursuant to Local Rule 7.01(c).

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

ENTERED in Orlando, Florida, on October 1, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record